UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ALAN VELAZQUEZ, )<br> )<br> Petitioner, )<br> )<br> v. )<br> )<br>CONNIE GIBSON, Warden, )<br> )<br> Respondent. )<br>_____) | No. ED CV 15-1296-SJO (PLA)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATION**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

On November 10, 2015, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction. On December 3, 2015, petitioner filed objections to the R&R, in which he objects to the Report and Recommendation "in full and entirely." (Objections at 3). Petitioner concedes that his minimum eligible parole date ("MEPD") remained at July 25, 2083, following his disciplinary conviction. He argues, however, that the adoption of Cal. Penal Code § 3051, which provides that all state prisoners who were under the age of 18 at the time they were sentenced to a term of 25 years to life or greater will be eligible for a parole hearing during their 25th year of incarceration (see, e.g., People v. Garcia, 240 Cal. App. 4th 1282, 1290-91 (Cal.App. 4 Dist. 2015)), "greatly changed" his eligibility for parole and "fixes his MEPD to 2023." (Id. at 3-4, 6). While petitioner is correct that California law has altered the date on which he will first have an opportunity to be considered for release, this change does not alter the fact that his disciplinary

conviction will, at the time of his eventual hearing, merely be one factor that the California Parole Board considers when it determines his suitability for parole. Accordingly, regardless of the impact of Cal. Penal Code § 3051 on the date of petitioner's first parole hearing, the potential impact of the expungement of his 2013 disciplinary conviction remains too attenuated to find that it would *necessarily* affect the duration of petitioner's confinement.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file records herein, the Magistrate Judge's Report and Recommendation, and petitioner's objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1.  The Report and Recommendation is accepted.
2.  Judgment shall be entered consistent with this Order.
3.  The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: December 10, 2015.

HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE